Matter of Watkins v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 02938)





Matter of Watkins v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 02938


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527214

[*1]In the Matter of PAUL WATKINS, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Aarons, JJ.


Paul Watkins, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Five Points Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier II disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief, "as inmates have no constitutional or statutory right to their prior housing or programming status" (Matter of Adams v Annucci, 167 AD3d 1125, 1126 [2018] [internal quotation marks and citations omitted]; see Matter of Boeck v Annucci, 165 AD3d 1334, 1334 [2018]). Accordingly, and as petitioner otherwise has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Ortiz v Venettozzi, 167 AD3d 1200, 1201 [2018]; Matter of Herbert v Venettozzi, 162 AD3d 1454, 1455 [2018]).
Garry, P.J., Egan Jr., Clark, Devine and Aarons, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.